HILLSBOROUGH, APRIL TERM, 1818.

---

## JOSEPH MARSH AND UX. *versus* JAMES RICE.

Where H., having an execution against W., caused it to be extended on W.'s right in equity to redeem certain lands which he had before mortgaged to E. and also to D.; and R., having afterwards agreed with W., E. and D., to purchase the land, and having paid to E. & D. the sums due in their mortgages, E. acknowledged satisfaction of his mortgage on the margin of the record in the register's office, and D. by deed released all his rights in the premises to W., who at the same time, by deed, conveyed the land to R. with warranty—It was held, that R. was to be considered as the assignee of E. and D., and entitled to retain possession of the land against H. until the latter should pay him the amount of the two mortgages.

THIS was a writ of entry, tried here at the last term upon the general issue, when a verdict was taken for the ten-

Marsh & ux.
*vs.*
Rice.

ant, by consent, subject to the opinion of the court upon the following case:

One Silas Whitcomb, being seized in fee, on the 1st of November, 1810, conveyed the demanded premises to a Mr. Harriman, to hold in fee and in mortgage; and on the 16th of April, 1814, made another mortgage of the same premises to Joshua Darling, Esq.

On the 9th of October, 1815, Betsey Hathorn, then sole, but now the wife of the demandant Marsh, having obtained an execution in her favor against Whitcomb for about 190 dollars, caused it to be extended upon his right to redeem the demanded premises.

On the 12th of September, 1816, Darling and Harriman being desirous to obtain the money due upon their mortgages, agreed with Whitcomb that the premises should be sold and the purchase money applied to the discharge of the two mortgages and of the execution, so far as it would go. Rice became the purchaser, and paid to Darling and Harriman the amount due on their mortgages, and gave to Marsh, who had previously become the husband of the said B. H., and who was present when this arrangement as to the sale of the premises was made, a promissory note for six dollars, being the balance of the purchase money remaining after the discharge of the mortgages, which note Marsh accepted. Harriman acknowledged satisfaction of his mortgage on the margin of the record in the register's office. Darling, by deed dated the 12th of September, 1816, released to Whitcomb all his right to the demanded premises, and Whitcomb, by deed of the same date, conveyed the same premises to Rice in fee with warranty.

*Artemas Rogers* and *P. Noyes*, for the demandant.

*J. Harris* and *Atherton*, for the tenant.

*Per curiam.* It is unnecessary in this case to determine the legal effect of Marsh's assent to Rice's purchase of the demanded premises; nor need we determine whether this action could have been maintained, even if Whitcomb had

satisfied the two mortgages with his own money, and procured them to be discharged, and then conveyed the premises to Rice, because we are very well satisfied that Rice must be considered as the assignee of Harriman and Darling, and that as such he is entitled to retain possession until he shall receive the amount due upon the two mortgages, in the same manner as if the assignment had been made by Harriman and Darling directly to him. He purchased of them the mortgages, and paid them the consideration of the purchase. And although they released to Whitcomb, yet it was most manifestly only for the purpose of enabling him to convey to Rice. Whitcomb must, therefore, be considered merely as an instrument, and the release to him as such cannot enure to the benefit of the demandants(1.) The tenant is clearly entitled to retain possession of the premises until the demandant shall have paid him the amount of the two mortgages. There must, therefore, be

*Judgment on the verdict.*

Marsh & ux.
*vs.*
Rice.

(1) 4 Mass. Rep. 506, Holbrook vs. Finney. 14 Mass. Rep. 351, Clark vs. Monroe.