## JOHN RUNLET *et al. vs.* SIMON OTIS.

Where two demandants join in a real action, and one only makes out a title to the demanded premises, the tenant is entitled to a verdict against both.

Where *A.* conveyed land to *B.* merely for the purpose of enabling *B.* to convey the same land to *C.* who had paid *A.* for the land, it was held that the conveyance from *A,* to *B.* could not enure to the benefit of persons claiming the land, under a previous conveyance from *B.* to them.

Where there was a conveyance of land by deed, and at the same time an agreement in writing, but not under seal, was entered into, that the land should be re-conveyed upon the payment of a certain sum, it was held that the conveyance was not a mortgage.

THIS was a writ of entry, in which the demandants counted upon their own seisin within 20 years, and upon a deseisin by the tenant.

The cause was tried here at September term, 1819, upon the general issue. Both parties claimed under one *Levi Langley*, who was admitted to have been seized of the demanded premises in fee. *Levi Langley* being seized as aforesaid by his will, dated Aug. 13, 1815, which has been duly proved and allowed, devised the same premises to *Samuel Langley*, whom he appointed his executor, and who has since taken upon himself the burthen of executing the will. Upon taking upon himself this burthen, *Samuel Langley* gave a bond in common form, which bond was executed by the demandants as his sureties ; and in order to indemnify and save harmless the demandants in thus becoming his sureties, *Samuel Langley*, on the 24th April, 1816, by deed, conveyed the demanded damages to them, in fee and in mortgage. Upon the proof of these facts, the demandants rested their claim to the land.

On the part of the tenant, it was shewn that the said *Samuel*, in pursuance of a license granted to him by the judge of probate in this county, to sell real estate, which belonged to the said *Levi*, to the amount of $1200 for the payment of said *Levi's* debts, sold the demanded premises to the tenant at public auction, and by deed, dated Nov. 21, 1816, conveyed the same premises to the tenant. In the description of the premises in this deed, they were called *Samuel's*, but it was recited in the beginning of the deed, that he was empowered as executor to sell the premises thereinafter described. It also appeared, that *Levi Langley*, in his life time, on the 10th of April, 1816, had conveyed

Runlet
*vs.*
Otis.

the demanded premises to one *Joseph Durell* in fee, but said *Durell* gave to said *Levi*, a writing not under seal, by which he agreed to re-convey the premises upon the payment of $362. On the 21st November, 1816, the tenant having paid to said *Durell* the said sum of $362 at the request of *Samuel Langley*, and in part payment of the said purchase made of the said *Samuel Durell*, conveyed the premises to said *Samuel* as executor of said *Levi*, in order that he might convey them unincumbered to the tenant. It also appeared, that the conveyance from *Samuel* to the tenant, was the result of a contract between them as early as Aug. 1816, when *Samuel* agreed to convey the premises to the tenant, and other pieces of land to other persons at certain prices, amounting in the whole to $1536 ; but as it was apprehended, that *Samuel* possessed no authority to sell without license, he obtained one to the extent of the debts, and at the auction the whole land was bid off at $1177, although the purchasers paid *Samuel* in pursuance of their former agreement $1536. It did not appear that the tenant had any knowledge of the mortgage to the demandants, or that he took any measures to prevent others from attending the auction, and bidding upon the land ; but it was distinctly proved, that one of the demandants was present when *Samuel Langley* received the conveyance from *Durell*, and made the conveyance to the tenant ; and without disclosing his claim upon the land, advised the parties to draw their conveyances in the manner that was adopted.

A verdict was taken for the tenant, subject to the opinion of the court, upon the case above stated.

*J. Smith*, for the demandants.

*Ichabod Bartlett*, for the tenant.

RICHARDSON, C. J. delivered the opinion of the court.

The law, which must govern the decision in this case, is extremely clear. The demandants have counted upon a joint seisin, and cannot prevail, unless they shew such a seisin. When the land was conveyed by *Durell* to *Samuel Langley*, and by him to the tenant, one of the demandants was present, and without disclosing his claim to the land,

advised the parties to draw their conveyance in the manner that was adopted. This was a fraud, which will preclude him from recovering the land against the tenant. It is then unnecessary to determine what effect that fraud had upon the right of the other demandant, because the writ appearing by the evidence to be false in a material point, the tenant was clearly entitled to a verdict.

There is another view of this case, involving the merits of all the title of these demandants, which is most decisively against them. At the time *Samuel Langley* conveyed this land to the demandants, he had no title. The fee was vested absolutely in *Durell.* The agreement of *Durell,* to reconvey upon the payment of a certain sum, was reduced to writing ; but, not being under seal, that writing did not make the conveyance from *Levi Langley* to *Durell* a mortgage.(1)

It is clear, then, that at the time when *Durell* conveyed the land to *Samuel Langley,* and he to the tenant, these demandants had no title. And as the tenant paid *Durell* the amount due to him, and *Durell* conveyed to *Samuel Langley,* merely to enable him to convey to the tenant, *Samuel Langley* must be considered merely as an instrument, and a conveyance to him as such, cannot enure to the benefit of these demandants.(2) Those conveyances were in no wise prejudicial to the demandants ; and it is very clear they can derive no advantage from them.

*Judgment on the verdict.*

(1) 1 N. H. Rep. 39, Lund *vs.* Lund.

(2) 1 N. H. Rep. 167, Marsh & wife *vs.* Rice.