## EBENEZER BAILEY *et a. versus* IRAS METCALF.

After a tender of the whole amount, secured by a mortgage, the mortgagor may maintain a writ of entry against the mortgagee, if he retain possession. But, if, in such a case, the amount tendered has not been accepted by the mortgagee, it must be brought into court and lodged with the clerk.

A writ of entry cannot be maintained against a mortgagee upon a tender of any less sum than that secured by the mortgage, even in cases where he has received rents and profits for which he ought to account, unless the amount of rents and profits and money expended in repairs has been adjusted between the parties.

When the amount due on the mortgage is uncertain, or in dispute, the remedy is by petition under the statute.

THIS was a writ of entry, brought to recover a tract of land in Surry, and was tried here, upon the general issue, at October term, 1832, and a verdict taken for the demandants subject to the opinion of the court upon the following case.

It was agreed, that one Elijah Fuller was once the owner of the premises. It appeared, by evidence introduced by the demandants, that Fuller, by deed, on 12th May, 1820, conveyed the premises to Jonathan Harvey, who, on the 2d February, 1824, by deed, conveyed the same to Ebenezer Bailey. It further appeared, that Bailey had deceased, and that the demandants were his heirs at law.

It appeared, by the evidence introduced by the tenant, that on the 20th May, 1820, Harvey conveyed the premises to Fuller, by deed of mortgage, to secure the payment of three notes, of $267, each; that, on the 30th November, 1821, Fuller assigned the mortgage to Levi Willard, whose title the tenant has.

The interest on the said notes was to be paid annually from April 1, 1820.

It appeared that Willard, on the 26th February, 1823, entered into the premises and leased the same, for three

years, at an annual rent of $150, and that he, at that
time, expended, in the necessary repairs of the premi-
ses, the sum of $40,40.

It further appeared that, on the 13th February, 1824,
the sum of $988 was tendered to Willard in discharge of
the mortgage, which he refused to accept. But the
amount tendered was not brought into court and lodged
with the clerk.

*Wilson Jr.* and *Chamberlain*, for the tenant, contended,
that a writ of entry would not lie for a mortgagor to re-
cover possession of the mortgaged premises, upon a ten-
der after condition broken. 3 Mass. Rep. 560, *Hill* v.
*Payson* ; 17 ditto, 419, *Parsons* v. *Welles* ; 5 Pick. 240,
*Maynard* v. *Hunt* ; 1 N. H. Rep. 161, *Robinson* v. *Robin-
son.*

*Edwards* and *Handerson*, for the demandant.

The opinion of the court was delivered by

RICHARDSON, C. J.* In Lord Cokes' time it seems to
have been well settled that, by a tender of the money
secured by a mortgage, the land was forever discharged.
And it was formerly supposed, in this state, that the law
remained here unchanged in this respect, so that a writ
of entry might be maintained, where the tender had been
refused, in favor of the mortgagor, to recover the land,
without bringing the money tendered into court. Such
was the impression of the court when *Sweet* v. *Horn*, 1
N. H. Rep. 332, was decided. But in that case the mon-
ey tendered was brought into court and lodged with the
clerk, and was, eventually, taken by the mortgagee
or his assigns. The question, whether it was necessary
to bring the money into court in such a case, did not
arise in that cause. We are now of opinion that the im-
pression then entertained was erroneous. It seems to
us that no action to recover the land can be maintained
by the mortgagor without bringing the money, tendered,
into court.

*PARKER, J. did not sit.

Bailey et a.
v.
I. Metcalf.

In order to obtain a decree, discharging a mortgage, on a petition, under the statute of June 16, 1795, in cases where a tender had been made, it was provided by the statute that the money tendered should be brought into court. And there is a similar provision in the statute of July 3, 1829.

These provisions clearly show that it was the intention of the legislature that, to make the tender an effectual discharge of the mortgage, the money should be kept ready for the mortgagee. And if there be any default in this respect, the benefit of the tender will be lost.

In this case the money tendered has not been brought into court. But if this were the only difficulty in the case of the demandants, it might perhaps be now removed by lodging the money with the clerk. There is, however, another objection to the action, which cannot be removed. In Massachusetts it is held that the only remedy for a mortgagor, in a case of this kind, is a bill in equity. But in this state, when the mortgagee has never been in possession, and there has been a tender or payment of the whole sum secured by the mortgage, a writ of entry may be maintained by the mortgagor against the mortgagee, if he enter.

And when the mortgagee has been in possession, if the mortgagor call upon him for an account of the rents and profits and the sums due upon the mortgage, and he render such an account, then, perhaps, upon the payment, or tender of the amount claimed by the mortgagee to be due, a writ of entry may be maintained by the mortgagor. But we are of opinion that the mortgagor can maintain a writ of entry in no other cases. When there is any dispute as to the sum really due, the only remedy for the mortgagor is by petition under the statute.

In this case the amount due on the mortgage was a little more than $1000, when the tender was made.

The sum tendered was only $988. The money ex-

pended by the mortgagee in repairs had not been adjust-ed.  The amount of rent for which the mortgagee ought, under the circumstances, to account, was not ascertained.  It is clear then that a writ of entry can not be maintained in such a case, and the verdict must be set aside, and