WARREN *against* MAINS.

Where *A.* covenanted to pay *B.* 300 dollars on a certain day, on which *B.* covenanted to convey a farm to *A.* and before the day, *B.* agreed to receive the 300 dollars in *bank bills,* which *A.* tendered at the day; but *B.* refused to receive them; it was held, in an action of covenant against *B.* that the agreement to receive bank bills, was a waiver of a tender in gold or silver, and was competent evidence at the trial, to support the tender at the day.

THIS was an action of *covenant.* The cause was tried at the *Washington* circuit, in *June*, 1810, before Mr. Justice *Van Ness.* An agreement was proved, by which the plaintiff covenanted to pay to the defendant 300 dollars, on or before the 1st of *July*, 1809, at which time the defendant covenanted to convey to the plaintiff a certain farm, &c. Four days before the 1st of *July*, 1809, it was agreed between the parties that the 300 dollars should be paid in bank bills. On the 1st of *July* the plaintiff tendered the 300 dollars in bank bills, which the defendant refused to receive, because they were not a legal tender; and no other money being offered, the defendant refused to execute the deed for the farm. The plaintiff in his declaration against the defendant for a breach of the covenant, averred a tender according to the tenor and effect of the covenant, and the defendant pleaded the general issue. At the trial, the defendant objected to any evidence of an agreement to receive bank bills, and the judge overruled the objection; and a verdict was found for the plaintiff, for 250 dollars.

A motion was now made to set aside the verdict, and for a new trial.

*Skinner*, for the defendant. He cited 3 *Johns. Rep.* 528. 3 *Term Rep.* 590.

*Z. R. Shepherd*, contra.

*Per Curiam.* It was competent to the plaintiff to show, that *before the day* of payment, the defendant had agreed to accept bank bills, as cash, and had dispensed with the necessity of a tender in gold and silver. The

tender in bank bills was, consequently, good at the day, by reason of the previous waiver. The motion to set aside the verdict must be denied.

Motion denied.