RICKEY *against* BOWNE.

IN ERROR, on *certiorari*, to a Justice's Court. B. brought an action of trespass on the case, against *R.*, who pleaded the general issue, with notice of a set-off. The plaintiff and defendant, with one *George Weeks*, made a joint contract, as carpenters, to build a barn for *A.*, for which they were to receive 150 dollars. They worked together, furnished materials and provisions, and paid money to labourers, upon the job, in unequal proportions, and the accounts between them were unsettled. The object of the suit was to recover a balance claimed to be due to the plaintiff, from the defendant, on account of that joint contract or partnership.

Though *part-nership ac-counts* may be adjusted and closed in an action of *account at law*, yet the *Courts of Justices of the Peace* have no jurisdiction of an action of *account*; and any other action by one partner against his co-partner, there being no account stated or balance admitted between them, is not sustainable at law.

Where a jury is demanded, and a *venire* issued at the instance of one of the parties, the *costs* of the *venire* abide the event of the trial before the Justice.

There was a verdict and judgment in the Court below, for the plaintiff, for 18 dollars and 48 cents, with costs.

On the return to the *certiorari*, the exceptions taken were, 1. That a suit at law will not lie for the balance, it being a partnership transaction. 2. That the judgment for costs included the *venire* which issued upon the request of the plaintiff below.

*Per Curiam.* Partnership accounts may be adjusted and closed, either by a suit *in equity*, or by an action of *account* at law. The acts constituting the Courts of Justices of the Peace, give jurisdiction only in actions of " *debt, detinue, covenant, trespass,* and *trespass on the case.*" The action of *account* is not comprised in this enumeration ; and the peculiar mode of trial by *auditors*, is not provided for in those acts. The Justice, therefore, had no jurisdiction.

As to the second objection, we think it not founded. The costs of a *venire* must always abide the event.

Judgment reversed.