## MERRIMACK, JANUARY TERM, 1826.

~~~

### JOHN EASTMAN *vs.* ELIJAH B. FIFIELD *et a.*

When a promissory note is made payable at a particular time and place, it is not necessary, in order to maintain an action upon it, to shew a demand at the time and place.

ASSUMPSIT upon a note in the following words :

" November 19, 1817.  For value received, I promise " *John Eastman*, to pay him, or order, one hundred dollars, " to be paid at *Esqr. Jackman's*, in Bradford, in the month " of February, 1823, with interest."

The cause was submitted to the decision of the court, upon the following facts :

It was agreed, that the defendants made the note, that the plaintiff was not at *Esqr. Jackman's*, in Bradford, in the month of February, 1823, and that no demand of payment was made there previous to the commencement of this suit.

And it was agreed, that if the court, upon these facts, should be of opinion, that the plaintiff was entitled to recover, he should have judgment for the amount of the note and interest ; otherwise a nonsuit to be entered.

*H. G. Harris*, for the plaintiff.

*E. Webster*, for the defendant.

RICHARDSON, C. J. delivered the opinion of the court.

The contract of the defendants in this case was to pay in the month of February, 1823, and would have been performed by a payment at any time during that month.  It may be, therefore, considered as a contract to pay on or before the last day of February, 1823 ; and the question to be decided is, whether, when a promissory note is made payable at a particular time and place, it is necessary, that the payee shew a demand at the place, in order to enable him to maintain an action ?

It is well settled, that, when a promissory note is made payable at a particular place on demand, no action can be maintained without a demand.  14 *East* 500, *Saunderson vs. Bowes et a.*—16 *ditto* 110, *Dickinson vs. Bowes et a.*—5 *Taunt.*

30, *Bowes vs. Howe.*—18 *John.* 493, *Bank of Niagara vs. M'Cracken.*

There has been, in England, a difference of opinion as to the nature of an acceptance of a bill of exchange, payable at a particular place. In the court of common pleas, the place, in such a case, has been held to be part of the contract, and to render a demand at the place necessary to charge the acceptor, or the drawer. 3 *Taunt.* 397, *Callaghan vs. Aylett.*—5 *Taunt.* 344, *Gammon vs. Schmoll.*—2 *Taunt.* 61, *Ambrose vs. Hopgood.*

In the court of King's bench, the place, in such a case, has been held not to be a part of the contract, but a mere direction introduced for the convenience of holders of the bills, and it has been decided, that a demand, at the place, is not necessary to charge the acceptor. 13 *East* 459, *Fenton vs. Goundry.*—17 *Johns.* 248, *Wolcott vs. Van Santvoord.*

But in the case of *Rowe vs. Young*, (*Brod. & Bing.* 165,) it was decided, in the house of lords, that, in an action against the acceptor of a bill of exchange, payable at a particular time and place, a presentment at the place must be averred and proved.

It does not seem to have been settled, in England, whether, when a promissory note is made payable at a particular time and place, a demand is necessary. In the case of *Sanderson vs. Bowes*, (14 *East* 504,) *Ld. Ellenborough* admitted, that there might be a distinction between a promise to pay, at a particular place, on demand, and a promise to pay at a particular time and place ; because, in the latter case, the promissor might aver, that he was ready, at the time and place, but, in the former case, the time of payment depended upon the pleasure of the promissee. And, in the case of *Carley vs. Vance*, (17 *Mass. Rep.* 389,) the supreme court of Massachusetts held, that, when a promise was made to pay, at a particular time and place, no demand was necessary ; but if the promissor was ready, at the time and place, it was matter of defence. The same point was decided in the case of *Ruggles vs. Patten*, (8 *Mass. Rep.* 480.) And we are, on the whole, of opinion, that, when a note is made payable at

a particular time and place, no demand is necessary, and that there must be

*Judgment for the plaintiff.*