### STEPHEN MOODY *versus* E. H. MAHURIN.

When a sheriff has collected money upon an execution, he is bound to return
the execution. But he has in this state a right to retain the money, until it
is duly demanded.

Bank bills are not a legal tender.

A refusal by a sheriff to pay over, on demand, money which he has collected,
is a breach of his duty, for which case may be maintained.

CASE against the defendant, the sheriff of the county
of Coos, for neglect of his deputy to return an execution
and to pay over money collected.

The cause was submitted to the decision of the court
upon the following facts.

The plaintiff having sued out a writ in his own name,
against D. Evans, of Shelburne, in the county of Coos,
and caused the goods of the said Evans to be attached by
virtue of the writ, and having obtained a judgment of
this court here in the said suit, at September term, 1825,
for $209,80 damage, and $15,16 costs, sued out execution
on the 19th Sept. 1825, and enclosed the same in a letter
to S. A Pearson, This letter was as follows.

*Gilmanton, September* 19, 1825.

S. A. PEARSON, Esq.

Dear Sir,

If Mr. Reuben Stephenson, is now in office as deputy sheriff, please to hand him the enclosed execution in my name against D. Evans, for service. Stephenson served the writ and attached personal property, which I wish to have demanded, &c. If Stephenson is not in office, please to hand the execution to an officer, who will call seasonably on Stephenson for the receipt, and demand the property attached. I wish as soon as the money can be collected, that it should be sent to me. Your attention to this business will much oblige yours, &c.

S. M.

Pearson received the said letter and execution and delivered them to Charles Bellows, a deputy of the defendant ; and on the 6th January, 1826, Bellows received $135, of Evans, and on the 27th of the same January, the balance in full of the execution.

On the 30th January, 1826, Bellows wrote to Moody, that the money was collected, and awaited his order, and requested the plaintiff to authorise Mr. Pearson to receive the money and discharge the execution. But Bellows did not return the execution to the court when and where it was returnable.

On the 27th February, 1826, the plaintiff wrote to Bellows and requested him to send the money by some private conveyance, to the Merrimack Bank, in Concord, and on the 28th of the same month he wrote to Pearson, stating that he had written to Bellows to send the money by some private conveyance to said bank, and concluding thus :—"if you know of any person going from your place to Concord by whom the money can be sent in a few weeks, be kind enough to notify Mr. Bellows and you will confer an additional favor, &c."

On the 2d May, 1826, Pearson called upon Bellows and informed him, that a person was going to Concord, recei-

ved of Bellows the money as agent of the plaintiff, and gave a receipt for it on the execution.

Pearson immediately sent the execution and the money to the cashier of the Merrimack Bank, who, on the 12th May, 1826, sent them to the plaintiff. The money was sent in bank bills, among which were two bills of $5 each, which were supposed to be counterfeit, and three bills of $5 each, of the Kennebeck bank, which were uncurrent money when sent to the plaintiff, although they were current at Lancaster, when Pearson received the money there. The plaintiff refused to accept these five bills, and on the same 12th May, enclosed them in a letter to Pearson, requesting him to call upon Bellows to exchange them for current bills. The two bills which were supposed to be counterfeit were exchanged and the money returned to Moody. But Bellows refused to exchange the other three bills on the ground, that they were current, when delivered by him to Pearson, and they were returned to Moody.

*Moody, pro se.*

*Sullivan,* for the defendant.

RICHARDSON, C. J. The law of this case is extremely clear. When an officer has collected the money upon an execution, it is his duty to return the execution to the court, when and where it is returnable.

In New York, and in England, the officer is bound in such a case either to pay over the money to the plaintiff, or pay it into the court on the return day of the execution. 18 Johns. 131, *Rickey* v. *Bowne* ; 1 Starkie, 388, *Moreland* v. *Leigh* ; 2 Brod. & B. 77 ; Tidds Prac. 929.

This rule of law rests upon the form of the *fieri facias,* which commands the sheriff to have not only the writ, but the money, in court on the return day. Tidd's Prac. Forms. 198. The sheriff is held to obey strictly the command of the writ. Thus it has been held, that where a sheriff arrested a debtor upon a *capias ad satisfaciendum,* and having received the money, let the prisoner go at

large, but did not pay over the money to the creditor, he was liable for an escape, the command of the writ being, that the debtor should be detained, until he paid the creditor. 14 East 468, *Shackford* v. *Austin.*

In this state, the law on this subject is otherwise. The sheriff is commanded by the writ of execution to have the writ in court upon the return day, but he is not commanded to have the money there.

He is to retain the money in his own hands, until it is legally demanded ; and then he is to pay it over to the creditor or his attorney, and upon his neglect to pay on demand, he is liable to pay thirty per cent. per annum upon the sum detained until the same is paid. 1 N. H. Laws 137 and 93 ; 3 Mass. Rep. 249, *Wakefield* v. *Lithgow* ; 7 Mass. Rep. 464, *Esty* v. *Chandler.*

In this case, Bellows was not bound to pay the money, until it was demanded by a person authorised by the plaintiff to receive it. But being requested by the plaintiff to send the money to the Merrimack bank, had he delivered the amount to any responsible person to be carried to the place directed, in money, which the plaintiff was bound to receive, the money would then have been at the risk of the plaintiff, and Bellows no longer responsible for it. 3 Mass Rep. 251.

But instead of complying with the request of the plaintiff to send the money to the Merrimack Bank, Bellows paid over the money to Pearson, who had no authority, express or implied, from the plaintiff to receive it, and took Pearson's receipt. Nothing can be clearer, than that such a payment could not discharge Bellows.

Pearson transmitted the money to the Merrimack Bank, in bills which were sent to the plaintiff. But he was not bound to take bank bills. They were not a tender. 7 Johns. 476, *Warren* v. *Mains* ; 3 D. & E. 554, *Wright* v. *Read* ; 2 B. & P. 526, *Grigby* v. *Oakes.*

If then the delivery of the money, by Bellows to Pearson, is to be viewed in the light of payment, it is clear that the plaintiff is not bound by it.

But the money may perhaps be considered as sent by Bellows to the Merrimack bank. If, however, it be viewed in this point of light, it is clear, that Bellows was bound to send the amount in legal money, unless otherwise directed. But there is nothing stated in this case, which shows either expressly or by implication a request to send bills.

Had the plaintiff directed the money to be sent by mail, that would by necessary implication have been a request to send the sum in bills. But his directions were to send the money by a private conveyance. If therefore the transaction be viewed in this light, the plaintiff was not bound to receive the bills.

The plaintiff had then a clear right to return the whole amount which was transmitted to him, and to call upon Bellows for specie. But he retained all the money except $25, which he returned to Pearson with directions to call upon Bellows and have it exchanged. Pearson called upon Bellows as directed, and requested him to exchange the money. Two of the bills were exchanged and the money transmitted to the plaintiff. But Bellows refused to exchange the other three probably under an impression, that Pearson had authority to receive payment, and that the plaintiff was bound by a payment accepted by his agent in current money.

It is very clear that the plaintiff's letter to Pearson returning the $25 and requesting him to call upon Bellows to exchange the money, made Pearson the plaintiff's agent for that purpose, and that when Pearson requested Bellows to exchange the money, it was a legal demand of the sum. Bellows' refusal to exchange the money then was a breach of his duty, for which this defendant is liable.

We are therefore of opinion that the plaintiff is entitled to judgment for $15 and interest upon that sum from the time, when Pearson requested Bellows to exchange the money.