## MOSES SARGENT *versus* WILLIAM GRAHAM.

It is essential to the validity of a tender of money, that he, who makes the tender, have the money ready to deliver. It is not enough that a third person has the money on the spot, which he would loan, unless he actually consents to loan it for the purpose of the tender.

THIS was a writ of entry, brought to recover a tract of land in Chester, and was tried upon the general issue at January term, 1830, when a verdict was taken by consent for the demandant, subject to the opinion of the court upon the following case.

James Wason, junior, died seized of the demanded premises. William Choate, junior, a creditor of the estate of the said James, deceased, having obtained a judgment and an execution against the executor of said James' will, caused the same to be extended upon the demanded premises on the 25th September, 1827. The land was appraised at the sum of $178,24.

On the 25th December, 1827, the said Choate assigned to the tenant his said judgment, and covenanted to execute a release to the tenant of any land, upon which said execution might be extended.

On the 1st June, 1827, the said Choate conveyed the demanded premises to the tenant, with warranty against the claims of all persons claiming by, from, or under, him the said Choate.

The demandant, being also a creditor of the estate of the said James Wason, and having obtained an execution against the executor of his will, caused the same to be extended upon the same land on the 23d April 1828, subject to the previous extent of the said Choate as aforesaid.

On the 25th April, 1828, the attorney of the demandant made a proposal to Graham, to pay him the sum at which the land was appraised in Choate's extent and interest, provided he would accept it and assign his interest in the land to the demandant. This Graham refused to

Sargent
*v.*
Graham.

do, unless he could receive a further sum which he said he had paid to S. D. Wason. The attorney then told Graham, that he was ready to pay him the sum at which the demanded premises were appraised, with interest, if he would accept it. Graham said he would not receive it. The attorney did not produce any money, nor state that he had it, but he had, in fact, in his pocket, bank bills to the amount of $166. The offer was made in the store of David Currier, jr. who had in the store $155, which he would have loaned to the attorney, had he applied for it. But the attorney, did not apply for it, nor did he know that Currier had it.

D. *French* and *Bartlett*, for the demandant.

*Sullivan*, for the tenant.

GREEN J. delivered the opinion of the court. One question in this case is, whether there was a legal tender of the amount, which the tenant was entitled to receive?

It is clearly settled, as a general rule, that in order to constitute a legal tender, he who makes it must be ready to pay, or at least must have within his immediate reach, the means to pay, and must actually offer to pay. 5 Coke, 114, Wade's case; Buller's N. P. 155--156; 2 Wilson, 74, *French* v. *Watson*; Co. Litt. 208, a; 10 East, 101, *Thomas* v. *Evans*; 3 C. & P. 342, *Leatherdale* v. *Sweepstone*; 5 Espinasse, N. P. C. 48, *Glascott* v. *Day*.

But it is not necessary, in all cases, in order to constitute a legal tender, that the money should be actually brought forward, as well as offered. If, when there is an offer to pay, the party, to whom the offer is made, refuses absolutely to receive the money, the objection, that the money was not brought forward, is waived. 2 M. & S. 86, *Read* v. *Golding*; Peak's N. P. C. 48, *Glascott* v. *Day*; 19 Vesey, 381; 6 Pick. 356, *Breed* v *Hurd*.

And it is not necessary, that the person making the tender, should have the money in his own possession on

ROCKINGHAM.

the spot. If the sum offered is absolutely refused, it is enough that the money was upon the spot and ready for the purpose. 2 C. & P. 77, *Harding* v. *Davis.*

It is not necessary, in all cases, that the party making a tender, should be ready to pay in money which is a legal tender. Bank bills are not a lawful tender. 2 B. & P. 526, *Grigby* v. *Oakes*; 7 Johns. 476; 13 Mass. Rep. 235; 4 Starkie's Ev. 1391.

Yet a tender in bank bills is well enough, if there be no objection to the tender at the time, on that account. 3 D. & E. 554, *Wright* v. *Read*; 1 C. & P. 288.

In such a case, the person who makes the tender is not prepared to make a tender, that can avail him any thing, if an objection is made to the money offered. But as bank bills pass current as money, if, when bills are offered, no objection is made on that account, all objection is presumed, with great propriety, to be waived.

So when a man goes with the money in his pocket and offers to pay, and the other, to whom the offer is made, absolutely refuses to receive the money, it is not necessary to take the money and actually offer it, in order to constitute a tender, because that would be an idle ceremony.

In this case, the person who made the tender had not the money to pay, had the tender been accepted. But it was proved there was money on the spot which he might have borrowed. We were strongly inclined at first, to think this case came within the principle of *Harding* v. *Davis*, 2 C. & P. 77. But a more attentive consideration of the subject has convinced us that we were mistaken in this. In that case the money was not only in the house where the tender was made, but the person who owned the money actually offered to go to the room above and produce it for the purpose of the tender. In this case there was no attempt to borrow. There was no offer to lend. It was not known to either party that the money could be borrowed.

In the case of *Harding* v. *Davis,* the money may be considered as ready to be tendered, because the owner of it offered to produce it and deliver it to the person to whom the tender was made. But in this case, how can the money of Mr. Currier be considered as ready to be applied to the purpose of the tender, when no mortal thought at the time of thus applying his money?

In the case in Carrington and Payne, the owner had assented that his money should be applied to the purposes of the tender. In this case there was no such assent. And this is a most material difference. How could his money be considered as ready for the tender before he assented that it should be so applied?

We are, on the whole, of opinion, that to hold the tender made in this case a legal one, would be going much beyond any adjudged case to be found in the books. Indeed, it would be to hold that an offer of the money absolutely refused is a legal tender, although he who makes the offer, has not the money to pay. This would be contrary to a principle of law perfectly well settled, that he who makes a tender must be ready to pay in all cases. Our opinion on this point renders it unnecessary to consider the other points in the case.

*Verdict set aside, and a new trial granted.*