## OTIS *vs.* BARTON.

Where a note is payable at a given time and place, no demand of payment at such time and place is necessary.

Where the promissor, however, is ready at such time and place, with the means of payment, such readiness is equivalent to a tender.

The mere evidence, by an agent of a promissor, that a note would have been paid, is no sufficient evidence of tender, or readiness of payment. He must show distinctly that he held at the time and place funds of the promissor, or of his own, or funds subject to his control, by which his ability as well as intention of payment is clearly shown.

ASSUMPSIT, on a count for money had and received, and on a promissory note. The general issue was plead, and a brief statement filed, setting forth special matters in defence, which appear in the case as drawn.

The plaintiff gave in evidence a note as follows:

"Concord, Aug. 8, 1837. For value received I promise to pay Cheney & Morrison, or order, one hundred and fifty dollars $\frac{50}{100}$, in six months from date, with interest after, payable at the Mechanicks Bank, in Concord, N. H.

Cyrus Barton."

Which note was indorsed by the promisees to the plaintiff.

The cashier of the Mechanicks Bank testified that the defendant generally kept funds in the bank, and occasionally made notes payable there—that he had general instructions from the defendant as to the payment of such notes, and if this had been presented when due, or at any time afterwards, he should have paid it—that there may have been times since the maturity of the note when the defendant had no funds in the bank—that in the summer or fall of 1838 the defendant enquired if this note had been presented at the bank, and directed the witness particularly to pay it, when presented. After this, November 6, the note was presented at the bank, and the witness offered to pay the amount of the note, without interest, which was refused.

The defendant brought the amount of the note, without interest, into court. It did not appear that the note was presented at the bank until the 6th of November.

The court directed a verdict for the defendant, subject to the opinion of the superior court on the above case.

*Eaton*, for the plaintiff.

*Peaslee*, for the defendant.

UPHAM, J. It is well settled, that when a note is payable at a particular time and place, no demand at such place is necessary. If, however, the promissor is ready at the time and place, to make payment, it is a matter of defence. This principle is recognized in 3 *N. H. Rep.* 333, *Eastman* vs. *Fifield ;* and is directly decided in 17 *Mass. R.* 389, *Carly* vs. *Vance*, which has been cited in the argument by the plaintiff's counsel.

The circumstance that this note is drawn payable at a particular time and place, with interest after, makes no difference in the contract. The condition that it should be on interest after the maturity, is perfectly consistent with the contract that it is to be payable at a particular time. The plaintiff at such time has a right to call for the note, and to cause it to be protested, if unpaid ; and the promissor has an equal right to be ready with his tender of payment ; and if the note is not presented, the readiness of payment has the effect at least to debar all future accumulation of interest, whether expressed or implied. This readiness of payment is equivalent to a tender ; but, like all other cases of tender, the money must be ready for delivery at any future time on demand ; and on suit brought it must be produced in court. The case finds such to have been the facts in this instance.

The only question, then, is, as to the original readiness of payment at the time and place specified in the note.

In *Sargent* vs. *Graham*, 5 *N. H. Rep.* 440, it is held to be

essential to the validity of a tender of money, that he who makes the tender has the money ready to deliver. In *Harding* vs. *Davis*, 2 *Car. & Pay.* 77, it was held to be sufficient evidence of an ability to pay, when a third person was present, having the money in his possession sufficient for the tender, which he offered to loan for this purpose.

We hold the rule to be, that in all cases of tender, or readiness of payment, the promissor must be ready, by himself or his agent, with means in his possession or control, for immediate payment. Such a readiness and ability for payment will have the effect of a tender, provided the promissee either refuses to receive such payment, or is not ready at the time and place specified to receive it.

The evidence offered in this case tends strongly to show a defence to this extent; but some points, essential to be made out, are rather a matter of inference than facts actually appearing in the case.

These facts must either be found by the jury, or agreed upon, to make the tender complete.

It does not appear distinctly that the cashier was the agent of the defendant. He says he had *general* instructions from the defendant as to the payment of notes due from him payable at the bank. What these instructions were does not clearly appear, nor how far the cashier was disposed to accede to such instructions—whether he was prepared to make payment in all cases; or whether there was a contingency or condition with regard to it. Neither is it distinctly shown that the defendant had funds of his own at the bank sufficient to meet the note, or that the cashier had funds of his own, or subject to his control, which, in pursuance of an understanding or agreement between himself and the defendant, he held in readiness to be applied in payment of the note. The cashier says if the note had been presented he should have paid it. But this is not sufficient. It should distinctly appear that he had funds at the time in his control sufficient for its payment, and which he should have applied

for this purpose. This fact must be expressly shown, and must not be a matter of inference. It must not rest in mere belief, or assertion, but in actual, present ability and readiness of payment, in order to establish the certainty which is uniformly requisite in a tender, or in a defence equivalent to a tender. Should the defendant succeed in showing a readiness to this extent, he would be entitled to recover. As the case does not now find all the essential facts for this purpose, the verdict must be set aside, and a

*New trial granted.*