## GRAFTON BANK *v.* WHITE.

A declaration in an action against a sheriff for the default of one of his deputies, may be amended by adding a count for the neglect of another deputy in the same matter. But the terms of such amendment ought to be adjusted with reference to the interests of the several deputies in the action.

In an action on the case against a sheriff for the omission of the deputy to serve and return an execution, the damages are the amount that the plaintiff has suffered by such neglect.

CASE, for the neglect of Stephenson, a deputy of the defendant, who was sheriff of the county of Coös, for not serving an execution in favor of the plaintiff, against one Horace Loomis. The action was entered at the May term, 1840, and, upon the defendant's appearance, was continued from term to term until the September term, 1841, when the plaintiff moved for leave to amend by filing two new counts, one alleging a delivery of the execution to Isaac P. Merrill, a deputy of the defendant, and the other a delivery of it to the defendant, and the consequent neglect of each of those parties. To these amendments the defendant objected, but the court admitted them, subject to the opinion of this court.

At the September term, 1844, the general issue and the statute of limitations were pleaded ; and it appeared that the plaintiffs recovered judgment against Loomis at the November term of the court of common pleas, in 1833, for $103.25 damages, and $5.79 costs, and immediately delivered the execution which was issued thereon to Merrill, who received from the debtor a watch of the value of $12, to be sold and to be applied toward the satisfaction of it; that the debtor was poor, and Merrill had since died, leaving an estate insolvent, which has long since been settled.

The parties agreed that the plaintiffs, if entitled to judgment, should recover $19.74, the value of the watch, and interest, and that the court should adjust their claims as to costs, and the plaintiffs' claim to further damages for the non-return of the execution.

*Young & Benton*, for the defendant. The amendment is not admissible ; it presents a new cause of action. An act done by one servant is not an act done by another, although the acts of both may be the acts of the principal for certain purposes. The deputy being the real party in interest, the allegation that the act was done by him is material. Charging the act to have been done by another, is another cause of action, as it in effect charges another party. If not amendable, the court will correct the error allowing the amendments ; otherwise, if amendable at the discretion of the court. 2 Vt. 495 ; 3 N. H. Rep. 201 ; *id.* 147 ; 1 Lord Raym. 190 ; 9 S. & R. 390 ; 2 Greenl. 46. And this more particularly because the amendment brings in a cause of action which is barred by the statute of limitations, and perhaps by the settlement of an estate under the statute of insolvent estates.

The allegation that the execution was delivered to the defendant is not proved by showing it to have been delivered to Merrill, his deputy.

In an action on the case, the plaintiff is not entitled to more than actual damages. Rev. Stat., chap. 359, sec. 12 ; 11 N. H. Rep. 493.

*Britton*, for the plaintiffs.

GILCHRIST, J.* This action was commenced to recover damages of the defendant, occasioned by the alleged neglect of his deputy, Stephenson, to serve and return an execution committed to him. One question arising is, whether to such a count may be joined another, declaring upon the neglect of the defendant himself to make service and return of the same execution. The case of *Skinner* v. *White*, 9 N. H. Rep. 204, is an authority for the joinder of a count for the sheriff's neglect with another for the neglect of a deputy, and that evidence of the neglect of the deputy is relevant to an issue raised upon the alleged neglect of the sheriff. The cause of action is the default of the defendant, through one of his deputies, to make the required service of the writ. This appears to us not to be abandoned by the substitution of Merrill for Stephenson, as the deputy, through whose negligence the default of the defendant was incurred.

The amendment was, therefore, one which might well have been allowed. The interest which deputies themselves have in suits of this nature renders it proper that the terms of the amendment should be adjusted with some reference to the position of Stephenson in the action heretofore. But that is a matter proper for the discretion of the court of common pleas.

The measure of damages in these cases is the actual damage sustained by the plaintiff. *Richards* v. *Gilmore*, 11 N. H. Rep. 493. The judgment debtor was poor, and there is no evidence from which a jury could presume that a seizure of property was practicable, or that an arrest would have been of any avail. The sum, therefore,

*WOODS, J., did not sit.

which the parties have arranged, seems to be the only proper one, which, upon the face of the evidence, can be recovered.

The damage resulting from the omission to return the execution is merely nominal. *Ranlet* v. *Bell*, 5 N. H. Rep. 433 ; *Webster* v. *Quimby*, 8 *id.* 382.

There is no evidence of a demand having been made for the money collected, or the value of the watch. The statute of limitations does not, therefore, apply. *Moody* v. *Mahurin*, 4 N. H. Rep. 296.

*Judgment for the plaintiff for* $19.74.