## E. L. RATCLIFF V. S. M. BAIRD.

An attorney at law who is elected Judge, cannot complete the performance of his subsisting professional contracts, by means of another attorney substituted in his stead, although his clients assent to the substitution ; because what a person cannot do, in law, by himself, he cannot do by another.

Where an attorney, having a special contract for a certain fee for services to be rendered in a certain suit until the final disposition thereof, being elected Judge, employs another attorney, with the assent of the client, to attend to the suit, for a certain fee, the difference between the fees is the proper measure of the value of the services of the attorney first employed.

It is well settled that unless the instruction asked is legal and proper in the very terms in which it is asked, the Court is not bound to give it.

Appeal from Tyler.

*H. N. & M. M. Potter*, for appellant.

*J. B. & G. A. Jones*, for appellee.

WHEELER, J. The law of this case, in its application to the evidence upon the first trial, was settled when it was before the Court on a former appeal. (10 Tex. R. 81.) But there is an additional fact presented by the evidence on the last trial, which was not brought out distinctly so as to attract attention, and consequently was not adverted to, upon the former trial ; that is, that the defendant, Ratcliff, was made acquainted with the agreement between the plaintiff, Baird, and the witness Abbott, for the substitution of the latter to complete the performance of the contract, and that he, Ratcliff, agreed to the substitution. It now appears that the substitution of Abbott as the attorney of Ratcliff, to complete the performance of the contract for Baird, was by the mutual consent and express agreement of both the parties to the contract. And it only re-

mains to inquire what effect this additional fact has upon the rights of the parties,

And it is to be observed that the present is very different from the case, where an attorney who has been employed to render professional services, procures another to represent him and perform them for him, who does so with the consent of his client. In that case, the services, in contemplation of law, are rendered by the attorney who was employed to perform them, though actually performed by another ; upon the principle of the maxim, *qui facit per alium facit per se* ; and he may recover upon the contract the price stipulated for their performance. And the client, having accepted the services of the representative in lieu of those of the attorney represented, cannot afterwards object that they were not performed by the latter in person. It was upon this principle that the case of Allcorn v. Butler (9 Tex. R. 56.) was decided. It is not upon the ground of any supposed right which an attorney has to substitute another in his place, without the consent of his client, for no such right is recognized. The contract being personal in its character, must be performed by the attorney who has been employed and has undertaken to perform it in person, unless the client consents to its performance by another. But if he does so consent, and accepts performance by another, it would be to sanction a breach of honesty and good faith to permit him afterwards to raise the objection which he did not make at the time. In such a case, the attorney whose services were contracted for is entitled to recover upon the contract as having performed it, on the principle of the maxim before quoted, that " What a man does by another he does by himself." (Co. Litt. 258.)

But the present is a very different case, and one to which that maxim can have no application ; by reason of the plaintiff's legal incapacity to perform the act. For nothing can be clearer than that it must be equally true that what a man cannot do by himself,—what he is legally incapacitated and forbidden by law to do himself,—he cannot do by another. It is

perfectly clear, therefore, that the plaintiff cannot recover upon the contract on the ground that it was performed by him through the instrumentality of a representative ; for, as attorney at law, he could not have a representative.   He could not act as an attorney himself ; and, of course, he could not have a representative to perform for him, in a representative capacity, acts which he could not perform in person.   But though he could not authorize any one to represent him in the performance of the contract, yet might he not, with the consent of Ratcliff, engage the services of an attorney to complete the performance of the contract, not as his representative, but as his substitute ; who should act, not as his, but solely as Ratcliff's representative and attorney in the completion of the services contracted for, and to whom alone the latter should look for the complete performance of the contract?   We do not perceive that there is any legal impediment in the way of such an agreement, if the parties saw fit to make it.   Ratcliff, if he saw proper, might release Baird from the duty of performance, and all responsibility for the non-performance of the contract ; so that the latter would have no further concern with the matter of its performance.   If upon a sufficient consideration he agreed to do so, it is not perceived why it was not a valid and binding agreement.   And the procuring a substitute, whose services were accepted in lieu of his own, it would seem, was a sufficient consideration to support the agreement to release Baird from his obligation to perform.   Where there is a covenant to perform a thing on a certain day, if performance of another thing, or performance at another time, be accepted in lieu thereof, it is an answer to an action for non-performance of the thing stipulated.   (2 Aiken, 427 ; 7 Johns. 476.)

If nothing had been done, and rights had not been acquired by a part performance of the contract, it might have been different.   For there can be no question, the moment Baird accepted the office of Judge the contract would have been at an end.   It was at an end, as respected his ability or right to complete the performance of it.   Ratcliff had the right so to

treat it; and could only have been held liable for the services which had already been rendered. Baird could not assign or transfer to another the right to complete the performance, and be subrogated to his rights under the contract, unless with the consent of Ratcliff; because it was a personal contract, to be performed by him in person. (2 Chit. on Con. 634; 2 B. & Ad. 303.) But there had been a part performance of the contract, and Baird had a right to be compensated for the services he had rendered. (10 Tex. R. 81.) It might be inconvenient to ascertain their value; the parties might not be able to agree; and it was certainly desirable to avoid the necessity of a suit for the purpose of an adjustment. It might, therefore, be the most convenient mode of adjustment to both parties, to ascertain for how much the services of another attorney, equally acceptable to the client, could be secured, and to substitute him in the place of the attorney who had become thus incapacitated, for the completion of the contract; taking the difference between the cost of engaging his services and the fee originally contracted for, as a just criterion of the amount which the attorney first employed should receive for the services he had rendered. We see no objection to this mode of adjusting and settling the rights of the parties under the contract, and it appears to have been the mode adopted in this instance. For it seems to have been the mutual understanding of all the parties, that the amount to be paid to Abbott for his services, was to be so much deducted from the fee contracted to be paid to Baird; and that the services already rendered by the latter were equal in value to the residue of the fee. Abbott testifies that the sum contracted to be paid to Baird was a reasonable fee in such a case; and it is not probable that he would have consented to receive half the amount, or that Ratcliff would have agreed to the substitution on those terms, if they had not both considered that half the services required to be performed had already been performed by Baird. The subject matter of the agreement appears to have been perfectly understood by all the parties at the time, and the agreement to have been fair and

equitable in all its parts.    Abbott completed the services which Baird had not performed, and received his compensation, and no reason is perceived why Baird is not entitled to receive his compensation for those which he performed.    There is no pretence that Ratcliff did not receive the full measure of services for which he contracted, or that he sustained any injury or loss by reason of his release of Baird and acceptance of Abbott to complete the services in his stead.

The ground which appears to be mainly relied on for a reversal of the judgment, is, the refusal of the Court to give the instruction asked by the defendant, as to the effect of the failure of the plaintiff to answer interrogatories.    It might be a sufficient answer to this ground of error, that the Court was not bound to separate the propositions thus connected together in an instruction asked, one of which was, and the other was not law, for the purpose of giving the part which would have been proper, if not presented in an objectionable form and connection.    For it is well settled that unless the instruction asked is legal and proper in the very terms in which it is asked, the Court is not bound to give it.

But a better reason for refusing the instruction asked is, that to have given the proposed effect to the failure of the plaintiff to answer, would have been to permit the defendant thus to contradict, or evade the effect of the facts testified to by his own witnesses upon the trial.    And this too, when, from the remote residence of the plaintiff, it evidently was morally impossible that his answers to the interrogatories could have been obtained ; and when there was no reason to believe that they were sought for, for the purpose of eliciting the truth, but the contrary ; as it is not to be supposed that the defendant, when he propounded the interrogatories, did so with any expectation that they would or could be answered by the plaintiff.    And when, moreover, the facts as to which he was interrogated, were all susceptible of proof, and were in proof by the witnesses who testified upon the trial.    To have given the proposed effect to the failure of the plaintiff to answer interroga-

tories propounded to him under the circumstances, would have been to permit the defendant to pervert a means, afforded him by the law, to elicit the truth and justice of the case, to the very opposite purposes. And we think the Court very properly refused the instruction.

There were instructions asked on both sides which might well have been refused. Those given at the instance of the plaintiff are not assigned as error. But both those given as asked by the plaintiff, and those asked by the defendant and refused, are alike subject to the objection that they did not present the law rightly as applicable to the case in evidence. And though there may have been error in the rulings of the Court upon the instructions, the jury appear to have attained the same result by their verdict which must have been attained had the whole law of the case been given them in charge. There was no evidence to warrant them in giving any other credits upon the fee contracted to be paid the plaintiff, than those which they have given ; and the plaintiff was clearly entitled, under the agreement and understanding of the parties as shown by the evidence, to the amount which the jury in their verdict awarded him. Though the law of the case may not have been understood upon the trial as we understand it, yet in the view we have taken of the law and the evidence, the result could not legally have been different, and it would be useless to reverse and remand the case for a new trial, which, if the law be rightly administered, must be attended with the same result. The judgment is therefore affirmed.

Judgment affirmed.