### R. P. CARR AND WIFE v. WILKINS & WALL.

1. CONTRACT—ATTORNEY FEES—PARTNERSHIP.—One who has employed a lawyer, who afterwards takes in a partner who assists in the case, does not become liable to the firm for the fee contracted to be paid to the one contracted with before the partnership, by simply talking or consulting with such partner about the case, and to that extent recognizing him as his attorney.

2. SAME.—To render a client so liable to the new partner the relation of attorney and client must be shown to have existed, and such recognition must be such as to incorporate the incoming partner into the contract of employment as a party to it by express terms or by necessary implication.

ERROR from Victoria. Tried below before the Hon. D. D. Claiborne.

*Phillips, Lackay & Stayton,* for plaintiffs in error.

*W. R. Friend,* for defendant in error.

ROBERTS, CHIEF JUSTICE.—This was a suit brought by the defendants in error, as partners in the practice of the law, to recover a fee founded upon an alleged contract of employment of them as partners, during the existence of the partnership, to attend to a suit of the plaintiffs in error.

The plaintiffs in error denied having made such a contract with them, as partners, and pleaded specially that they employed Wall before the existence of the said partnership, and pending the suit they, on account of his neglect of their business, discharged Wall, settled with and paid

him in full for his services, and employed other lawyers to attend to the case.

Each side adduced proof sufficient, perhaps, to sustain the pleadings of each.

The court charged the jury in effect, that although the contract was made with Wall alone, as alleged by plaintiffs in error, and he afterwards took in Wilkins as a general partner, who was recognized as their attorney, they were entitled to recover in this suit, unless they were discharged for good cause, and that it was immaterial whether both or only one of them attended to the case. The court further charged that if the jury believe from the evidence that the plaintiff, Wall, alone was employed and recognized by the defendants as their attorney, and that they settled with and paid him fully for his services, then plaintiffs below could not recover. The plaintiffs below did recover, and the charge of the court is assigned as error by the defendants below. The defendants in error suggest delay in this court.

The charge of the court was well calculated to mislead the jury, for a person who has employed a lawyer who afterwards takes in a partner who assists him in his case does not become liable to the firm for the fee contracted to be paid to the one that was contracted with before the partnership, by simply talking or consulting with such partner about the case, and to that extent recognizing him as his attorney. To have that effect the recognition must be such as to incorporate the incoming partner into the contract of employment as a party to it, by express terms or by unmistakable implication.

This is not a suit upon a *quantum meruit* for services rendered by the firm, nor is it for an ordinary collection fee, but it is founded on a special contract to receive one-fourth of the amount recovered in the suit contracted to be brought, and hence it is the more important the recognition of the incoming partner should be such as to manifest plainly the assent of the contracting party to the introduction of another

party in interest in the special contract of employment, to enable the firm to declare upon it as a special contract made with them, as was done in this case. If this special contract had been made with Wall alone, and he had agreed with Wilkins to divide the fee with him for his assistance in the case, as in any other partnership business, and that had been made known to Carr, his recognition of Wilkins as his attorney in the case might be held to have been such a reforming of the original contract with the consent of Carr as would have enabled Wilkins & Wall to have sued on the special contract as partners. (Ratcliff *v.* Baird, 14 Tex., 43.)

The charge of the court allowed the jury to find that the firm had been discharged by the payment and discharge of one of them, only upon being satisfied that the contract was made with Wall alone, and Wilkins had not been recognized as an attorney in the case, whereas it is not perceived why payment and discharge of one of the firm would not have been a payment and discharge of both members of the firm, if they had been employed as a firm. And in that event the charge would have been correct, wherein the jury was told that it was immaterial whether the services were rendered by one or by both of the attorneys.

For the error in the charge of the court the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.